# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

ANGELA T. MILLER,

       Plaintiff,

v.                                      CASE NO.  4:08cv356-RH/WCS

DEPARTMENT OF TRANSPORTATION,

       Defendant.

_____/

# ORDER DISQUALIFYING THE PLAINTIFF'S ATTORNEY, CONTINUING THE TRIAL, AND AMENDING THE PRETRIAL SCHEDULE

This is an employment discrimination case.  The defendant Florida Department of Transportation employs the plaintiff Angela Miller as an attorney. Ms. Miller says the department's general counsel, Kenneth S. Davis, discriminated against her based on gender and retaliated against her when she complained.

The department moved to disqualify Ms. Miller's attorney, Marie A. Mattox, and her law firm.  After a hearing, I denied the motion.  The department now has moved for reconsideration and has submitted additional factual material.  I grant the motion for reconsideration and disqualify Ms. Mattox and her firm.

James Garrity is an attorney in Ms. Mattox's firm. While previously employed with a different firm, Mr. Garrity represented the department and Mr. Davis individually in a lawsuit brought by a different department attorney, Isabella Lopez. Like Ms. Miller, Ms. Lopez asserted that Mr. Davis discriminated against her based on gender and retaliated against her when she complained. The Lopez case ended before the alleged discrimination against Ms. Miller began.

Ms. Mattox undertook Ms. Miller's representation without walling off Mr. Garrity from the case. Any disqualification of Mr. Garrity thus extends to Ms. Mattox as well. But Mr. Garrity does not now represent Mr. Davis or the department. The issue is whether his *prior* representation of the department and Mr. Davis bars him (and thus his new firm) from representing Ms. Miller.

An attorney may represent a client in a matter adverse to a prior client if the current and prior matters are not substantially related. *See* Fla. Bar Reg. R. 4-1.9 (2007); *In re Amendments to the Rules Regulating the Florida Bar*, 933 So. 2d 417, 445 (Fla. 2006). The burden of showing a substantial relationship is on the party seeking to disqualify the attorney. *See, e.g., Cox v. Am. Cast Iron Pipe Co.*, 847 F. 2d 725, 730 (11th Cir. 1988) ("[O]nly 'when the moving party delineates with specificity the subject matters, issues, and causes of action presented in former representation can the district court determine if the substantial relationship test has been met.'") (citations omitted); *Herrmann v. GutterGuard, Inc.*, 199 Fed. Appx.

745, 753 (11th Cir. 2006) ("The moving party has to show more than the mere fact that as a result of a former representation, the attorney has knowledge of the moving party's practices and procedures."); *Junger Util. & Paving Co. v. Myers*, 578 So. 2d 1117, 1119 (Fla. 1st DCA 1989) (noting that the party seeking disqualification of an attorney based on a prior representation bears the burden of proving a substantial relationship between the matters at issue).

I denied the department's original motion to disqualify because the department failed to carry the burden of showing a substantial relationship. The motion for reconsideration cures the deficiency. The record now establishes without dispute that Mr. Davis selected Ms. Miller over Ms. Lopez for one of the positions Ms. Lopez said she should have gotten; Mr. Davis's failure to promote her to that position was one basis for her lawsuit.

A defense attorney in a failure-to-promote case ordinarily engages in privileged attorney-client discussions with the defendant's decision maker about the relative qualifications of the plaintiff and the person selected for the position. If that happened here—that is, if Mr. Garrity spoke with Mr. Davis about Ms. Miller's qualifications—the information could be useful in cross-examining Mr. Davis in the case at bar. Thus, for example, Ms. Miller now complains that Mr. Davis required her to get approval before hiring an expert, even though he imposed no such requirement on men. A cross-examiner might ask, "If you hired Ms.

Miller because her record suggested she would be able to handle matters well without supervision, why did you later insist that she obtain approval before hiring an expert?"  Hardly devastating cross, but that is not the point.  A person ought not be cross-examined by his former attorney (or another attorney in the same firm) based in part on information obtained through privileged attorney-client communications.  When a cross-examination of this type reasonably could occur, the matters are substantially related.

Ms. Miller asserts that under Florida law, all records from the Lopez case—including, for example, Mr. Garrity's notes—are now public records.  But Florida's public-records law does not apply to oral conversations.  Mr. Davis's oral statements to Mr. Garrity remain privileged.

Ms. Miller also asserts that the department has waived any privilege on this entire subject matter by disclosing some of the records in support of the motion for reconsideration.  But the disclosure of one document waives a privilege for another document only if in fairness the disclosed and undisclosed documents ought to be considered together  *See* Fed. R. Evid. 502(a)(3).  And even if this standard is met here—a proposition that seems unlikely—the issue now is not whether the department has waived any privilege, but whether the department and Mr. Davis have waived the right to object to Mr. Garrity's representation of an adverse party in a substantially related matter.  They have done nothing to waive the conflict.

Mr. Garrity has handled many cases since he represented the department and Mr. Davis. He says he remembers no discussions with Mr. Davis and has no useful information derived from the representation. The assertion is credible. And Ms. Miller says any new attorney will be able to go to the public records and learn everything Mr. Garrity knows or ever knew. That may be so, though the proposition again seems less than certain. Ultimately, however, these assertions do not matter. The standards for disqualification based on a prior representation are objective and turn not on what the attorney actually learned or remembers but on what an attorney objectively could be expected to learn in a representation of that type. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Cont'l Cas. Co.*, 575 So. 2d 630, 633 (Fla. 1991) (noting "irrefutable presumption" that confidences were exchanged during a prior representation). And the values protected by the attorney-client privilege, and the rule requiring disqualification in a substantially related matter, depend not on whether the former client will suffer actual harm, but on whether he or she should be subjected to the risk of harm, and whether the legal system should suffer the indignity of an attorney opposing a former client on a substantially related matter.

Under the circumstances of this case, Mr. Garrity—and thus his current firm—cannot represent Ms. Miller in her claim against the department.

Accordingly,

IT IS ORDERED:

1.  The defendant's motion for reconsideration (document 31) is GRANTED.  Upon reconsideration, the defendant's motion to disqualify the plaintiff's attorneys (document 21) is GRANTED.

2.  Ms. Mattox and others in her firm must not disclose—to Ms. Miller or any new attorney she retains—any information derived directly or indirectly from Mr. Garrity's representation of the department and Mr. Davis in defense of Ms. Lopez's lawsuit.  Mr. Garrity must not communicate with Ms. Miller or any new attorney about this case at all.  In other respects Ms. Mattox and others in her office may cooperate in turning over the case to a new attorney or to Ms. Miller herself.

3.  If Ms. Miller wishes to be represented by an attorney, she must cause the attorney to file an appearance by June 2, 2009.

4.  Unless and until an attorney appears for Ms. Miller, she will be deemed to be proceeding *pro se*, that is, representing herself.

5.  A party may file by June 2, 2009, a motion to amend the schedule established by this order.  Unless a timely motion is filed and granted, the case will go forward on the schedule established by this order.

6.  The trial is rescheduled for the two-week trial period beginning Monday, August 3, 2009.

7.  The deadline to begin mediation is extended to June 16, 2009.  The

deadline to finish mediation is extended to June 30, 2009.

8. The deadline to file a potentially dispositive motion is extended to June 22, 2009.

9. This paragraph sets the additional schedule that will apply if Ms. Miller will be represented in this case by an attorney, that is, if an attorney appears for Ms. Miller by June 2, 2009. The deadline for the attorney conference required by the Order for Pretrial Conference docketed February 28, 2009 (document 16) will be June 23, 2009. The deadline for filing the pretrial stipulation and other papers required by paragraphs III and IV of the Order for Pretrial Conference will be July 7, 2009.

10. This paragraph sets the additional schedule that will apply if Ms. Miller will represent herself, that is, if an attorney does not appear for Ms. Miller by June 2, 2009. The Order for Pretrial Conference docketed February 28, 2009 (document 16) will be vacated. No attorney conference will be required. Each party will be required to file by June 23, 2009, a list of witnesses and a list of exhibits. The party must mail a copy of the lists to the adverse party by June 23, 2009. No witness will be allowed to testify, and no exhibit will be admitted into evidence, unless included on a list properly filed and mailed to the adverse party. This requirement applies to all witnesses and exhibits, including those offered only in rebuttal or for impeachment. A party must provide the adverse party (but must not

file) any witness's address and a copy of any exhibit within 14 days after the adverse party so requests.

11.  The clerk must reschedule the pretrial conference for the first available date on or after July 14, 2009.

12.  The clerk must provide a copy of this order to Ms. Miller herself by mail and to the attorneys through the court's electronic filing system.

SO ORDERED on April 21, 2009.

s/Robert L. Hinkle
Chief United States District Judge